FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 27, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RONALD CRAIG ILG,<br><br>Defendant. | No. 2:21-MJ-00213-JTR-1<br><br>ORDER FOLLOWING PRELIMINARY AND DETENTION HEARINGS<br><br>**MOTION GRANTED**<br>**(ECF No. 7)** |

At Defendant's April 21, 2021, preliminary and detention hearings, Defendant appeared while in custody in Court with his Attorney Carl Oreskovich. Assistant U.S. Attorney Richard Barker represented the United States and also appeared in Court. United States Probation Officer Patrick Dennis was present telephonically.

Defendant, personally and through counsel, waived the right to a preliminary hearing. Therefore, on the basis of this waiver and the information contained in the affidavit in support of the Criminal Complaint, **ECF No. 1**, the Court finds probable cause to support the charge in the complaint.

The Court held a detention hearing. Both sides presented argument. FBI Special Agent Ryan Butler was present and testified and was cross-examined.

The Court has considered the Report of Pretrial Services, **ECF No. 8,** the Supplemental Pretrial Services Report, **ECF No. 13,** the testimony of Agent Butler, and the argument of counsel.

ORDER - 1

The United States sought detention, contending that if released, Defendant would present both a risk of flight and a danger to the safety of the community, **ECF No. 7**.

**Pursuant to 18** U.S.C. § 3142, this Court has taken into account the evidence, testimony and information produced at this hearing concerning:

## I. The nature and circumstances of the offense charged

In support of the charge of Attempted Kidnapping, the United States produced testimony of a Special Agent of FBI to effect that Defendant solicited operatives on the so called "Dark Web" and paid or made arrangements to pay them with $40,000 in bitcoin to (1) kidnap his estranged wife and persuade her to return to the defendant her husband and be intimate with him a specified number of times in a two week period, and to drop all further divorce proceedings, and to force her cooperation by threatening to kill her dog or assault her father, and inject her with heroin until she was addicted then take photographs and plant drug paraphernalia in her home to use as blackmail, and (2) to assault and injure or break the hands of another individual Defendant does or has worked with (Defendant is a physician). Defendant provided the operatives names and addresses and photographs of the would-be victims.

There is also some evidence that, unbeknownst to Defendant, the "operatives" he was communicating with were scammers.

These circumstances represent an extraordinary threat to the community and count heavily against release.

## II. The weight of the evidence against the Defendant

The evidence includes Defendant's statements to law enforcement, preserved texts of email conversations with would-be kidnappers, and funds from defendant's accounts traced to dark web addresses.

While this evidence appears strong and weighs against release, by law this factor is accorded the least weight.

///

ORDER - 2

**III.  Defendant's history and characteristics, including:**

**Character** – The Court has little information about Defendant's character that does not appear under other headings in this order.  Defendant is a neonatal physician who for unknown reasons in 2020 lost his position as director of a clinic.  He seems to enjoy the support of a former wife and family, and his current domestic partner.

**Physical and mental condition** – Defendant's PHYSICAL condition appears generally sound, though he appeared in court with a severe black eye, and within the last few days Sheriff's Deputies responded to his home on the report of "an assault." This supports neither release nor detention.

Defendant's MENTAL condition is not precisely known but is concerning. Officers responding to his home found him with a suicide note, after taking approximately 46 Xanex pills.  The suicide attempt came as a surprise to his family.  During the detention hearing it was evident that Defendant had been seeing a psychologist, and his family appears to support mental health intervention. However, the nature and cause of Defendant's mental difficulties, and appropriate treatment measures, are not identified.  Mental instability weighs against release.

**Family ties** – Defendant appears to have strong family ties, which favors pretrial release.

**Employment** – Defendant is presently unemployed.  Lack of a means of support or the community ties that employment represents would ordinarily count against release.

**Financial resources** - Defendant's monthly income is unknown.  Though unemployed, his assets appear to be substantial, including but not limited to owning a home and an orchard. The ability to maintain himself pending trial would support release.

**Length of residence in the community** – Defendant has resided in Spokane since at least 2003 and this supports release.

**Community ties** – Defendant's ties to the community are substantial,

ORDER - 3

including real estate, children, and in all likelihood professional contacts in the medical community. Such significant ties weigh in favor of release.

**Past conduct** – Defendant's past conduct remains unclear. He has no criminal history, but the evidence to date implies conflict with former spouses, lovers and employers. Without more, these intimations do not support detention.

**History relating to alcohol and drug abuse** – Overdosing on Xanex may qualify as drug abuse, but nothing else before the Court indicates difficulties with drugs or alcohol.

**Criminal history** – Defendant has no prior criminal convictions, and no record of being charged or cited for any offense whatsoever. This supports release.

**Record concerning appearance at court proceedings** – This Court is presented with no evidence that Defendant has failed to appear for any civil or criminal proceedings. This does not support detention.

**Whether Defendant was under supervision at the time of the alleged offense** – There is no indication that Defendant has ever been subject to court-ordered supervision. This does not support detention.

**IV. And the nature and seriousness of the danger to the community posed by Defendant's release**

Defendant's release presents a significant risk to community safety. His intelligence, exceptional resources and unstable mental condition have allegedly led him to direct and fund sophisticated attempts to cause permanent career ending injuries, bring pain and humiliation to others, and subvert the legal system.

The Court **FINDS** the United States has established by the required preponderance of evidence an absence of conditions or combination of conditions that would reasonably assure this Defendant's presence at trial and has established by clear and convincing evidence that no conditions or combination of conditions will reasonably assure the safety of other persons or the community.

**IT IS ORDERED:**

ORDER - 4

1. The United States' Motion for Detention, **ECF No. 7**, is **GRANTED**. Defendant shall be held in detention pending disposition of this case or until further order of the court.

2. Defendant is committed to the custody of the U.S. Marshal for confinement separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

3. Defendant shall be afforded reasonable opportunity for private consultation with counsel.

4. If a party desires this Court to reconsider conditions of release because of material and newly discovered circumstances pursuant to 18 U.S.C. § 3142(f), that party shall file a two-page motion for reconsideration succinctly stating what circumstances are new, how they are established, and the requested change in conditions of release. The motion shall indicate whether opposing counsel or Pretrial Services object, whether a hearing is desired, and whether a supplemental pretrial report is requested. This Court will treat the motion as expedited and submitted without argument and will set a hearing or issue other orders as may be appropriate.

5. If a party desires that another Court review this order pursuant to 18 U.S.C. § 3145, that party shall promptly file a motion for review before the district judge to whom the case is assigned, as further described in the Detention Order Review Protocol published for the Eastern District of Washington. Both parties shall cooperate to ensure that the motion is promptly determined.

**IT IS SO ORDERED.**

DATED April 27, 2021.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

ORDER - 5